**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-CV-_____

HOPE MEYER,

    Plaintiff,

v.

DAVID EVANS & SHARP TRANSPORTATION INC.

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendants David Evans and Sharp Transportation Inc. (hereinafter "Defendants"), by and through their undersigned counsel, Hall & Evans, LLC, hereby submit the following Notice of Removal of the above-captioned matter from Denver County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

**I.     INTRODUCTION**

1.     Plaintiff Hope Meyer ("Plaintiff") initiated this lawsuit on January 28, 2022 against Defendants David Evans and Sharp Transportation Inc. ("Defendants"), in Denver County District Court, State of Colorado, captioned *Hope Meyer v. David Evans and Sharp Transportation Inc.*, Civil Action No. 2022CV30242 and is now pending in that Court (the "State Action").  *See* **Exhibit A,** Plaintiff's Civil Cover Sheet; and **Exhibit B**, Plaintiff's Complaint.

2.      Plaintiff alleges that on July 30, 2020, Defendant David Evans was driving a Semi Truck owned by Sharp Transportation and collided into Plaintiff's 2006 Buick LaCrosse on Interstate 25 at or near the W. 23rd Avenue bridge, in Denver, CO. (*Ex. B*, at ¶¶ 1 &17).

3.      Plaintiff alleges that as a proximate result of the accident as set forth in ¶¶ 1 & 17 of the Complaint, and the negligence of both Defendants Evans and Sharp Transportation, Inc., she suffered injuries.  (*Ex. B*, at ¶¶ 29-30, 32-51).

4.      Pursuant to C.R.C.P. 11, Plaintiff claims her damages exceed $100,000.  *Ex. A*, at 1-2.

## II.    COMPLIANCE WITH THE RULES

5.      All procedural requirements related to the removal of this action have been satisfied.

6.      Sharp Transportation was served on January 29, 2022.  *See Exhibit H,* Affidavit of Service on Sharp Transportation Inc.

7.      Mr. Evans was served on Janaury 29, 2022. *See Exhibit I,* Affidavit of Service on David Evans.

8.      This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendants and is timely under 28 U.S.C. §§ 1441 and 1446(b).

9.      A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

10.     Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Civil Case Cover Sheet |
| **Exhibit B** | Complaint and Jury Demand |
| **Exhibit C** | Summons for David Evans |
| **Exhibit D** | Summons for Sharp Transportation, Inc. |
| **Exhibit E** | Pre-Trial Order |
| **Exhibit F** | Order regarding Discovery Protocol |
| **Exhibit G** | Delay Reduction Order |
| **Exhibit H** | Affidavit of Service on Sharp Transportation, Inc. |
| **Exhibit I** | Affidavit of Service on David Evans |
| **Exhibit J** | Answer and Jury Demand |

11. Pursuant to D.C.Colo.LCivR 81.1, Defendants state that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Pursuant to Fed. R. Civ. P. 81(c), Defendants will present their defenses by pleading at the time prescribed herein, and specifically reserve their rights to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

13. Defendants have complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.  DIVERSITY JURISDICTION

14. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different

states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

15. There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Iowa.  (**Ex. B**, ¶ 2).  *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

16. Defendant David Evans is a citizen of Utah (***Ex. B***, ¶ 4), and Sharp Transportation Inc. is a corporation organized under the laws of the state of Utah with a principal place of business at 390 N. 900 E. Wellsville, Utah 84339. (Ex. B, ¶ 5.  *See also* **Corporate Disclosure Statement** filed contemporaneously with this Notice of Removal; 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

17. For purposes of federal diversity jurisdiction, the parties are completely diverse.  28 U.S.C. § 1441(b).

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

18. While not waiving Defendants' right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.  In her Complaint, Plaintiff alleges that as a proximate result of the accident as set forth in ¶¶ 1 & 17,  and the negligence of both

4

Defendants Evans and Sharp Transportation, Inc., she suffered injuries (***Ex. B***, at ¶¶ 29-30, 32-51), which exceed $100,000 (***Ex. A***, at 1-2).[1]

19. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

20. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. ***Ronzio v. Denver & R.G.W.R. Co.***, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." ***Id.***; *see also* ***McPhail v. Deere & Company***, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. ***Dart Cherokee Basin Operating Company, LLC v. Owens***, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. ***Id.*** at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state

---

[1] Defendants deny Plaintiff's allegations regarding her alleged damages and injuries and further deny any allegations of wrongdoing.

5

proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

22. Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet. (*See **Ex. A***, at 1-2). Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

23. In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that she seeks "a monetary judgment over $100,000 . . . against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." (***Ex. A***, at 1-2).

24. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See **Paros Properties LLC v. Colorado Cas. Ins. Co***., 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." ***Id.***

25. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

26. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendants respectfully request that the action now pending in Denver County District Court, Case No. 22CV30242, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 22nd day of February 2022.

s/ *Mark S. Ratner*
Thomas L. Beam, Esq.
Mark S. Ratner, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
beamt@hallevans.com

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 22nd day of February 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court via CM/ECF and served on the below-listed party by email:

Corey A. Holton, #47440
Julia Barotz, #52615
BACHUS & SCHANKER, LLC
101 W. Colfax Ave., Suite 650
Denver, CO 80202
*Attorneys for Plaintiff*

                                                  *s/ Sarah M. Stefanick*