| | |
|---|---|
| DENVER COUNTY DISTRICT COURT, DENVER COUNTY, COLORADO | DATE FILED: January 28, 2022 8:21 AM<br>FILING ID: E387AAB09200B<br>CASE NUMBER: 2022CV30242 |
| Court Address: Denver County District Court<br>1437 Bannock Street<br>Denver, CO 80202<br>Telephone: (303) 606-2425 | |
| **Plaintiff:**    **HOPE MEYER**<br><br>v.<br><br>**Defendant:**    **DAVID EVANS, SHARP TRANSPORTATION, INC.** | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Corey A. Holton, Atty. Reg. No. 47440<br>Julia Barotz, Atty. Reg. No. 52615<br>BACHUS & SCHANKER, LLC<br>101 W. Colfax Ave., Suite 650<br>Denver, Colorado 80202<br>Phone:   303-893-9800<br>Fax:      303-893-9900<br>E-Mail: corey.holton@coloradolaw.net<br>         julia.barotz@coloradolaw.net | Case Number:<br><br><br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Hope Meyer, by and through her undersigned attorney of BACHUS AND SCHANKER, LLC, hereby submits a Civil Complaint and Jury Demand against Defendants David Evans and Sharp Transportation, Inc., as follows

## GENERAL ALLEGATIONS

1. This matter arises from a motor vehicle collision between Plaintiff and Defendant Evans that occurred on July 30, 2020 on northbound Interstate 25 at or near the W. 23rd Avenue bridge in Denver, Denver County, Colorado (hereinafter "the Collision").

2. At the time of the Collision, upon information and belief Defendant Evans was an agent and/or employee of Defendant Sharp Transportation, driving within the course and scope of their agency and/or employment with Defendant Sharp Transportation, Inc..

3. At all times relevant, Plaintiff was a resident of Grundy County, Iowa.

4. At all times relevant, upon information and belief, Defendant Evans ("Evans") was a resident of Utah, with a last known address of 44 S. 300 E, Willard, Utah 84340.

5. At all times pertinent to this action, upon information and belief, Defendant Sharp Transportation, Inc. ("Sharp Transportation") was and is a nonresident Wyoming corporation with its principle office located at 390 N 900 E, Wellsville, Utah 84339.

6. At all times relevant, Defendant Sharp Transportation's registered agent in Utah is Zan Sharp who is located at 390 N. 900 E, Wellsville, Utah 84339.

7. Venue in this county is proper pursuant to C.R.C.P. 98(c) since the tortious conduct which the claims of Plaintiff are based upon was committed within Denver County, Colorado.

## FACTUAL ALLEGATIONS

8. At the time of the Collision, Defendant Evans was driving a 2017 Freightliner semi-truck, Utah license plate A019681 (hereinafter "the Semi Truck").

9. The Semi Truck was owned by Defendant Sharp Transportation.

10. At the time of the Collision, upon information and belief, Defendant Evans was driving Semi Truck with the express or implied permission of Defendant Sharp Transportation.

11. At the time of the Collision, upon information and belief, Defendant Evans was an employee of Defendant Sharp Transportation.

12. At the time of the Collision, upon information and belief, Defendant Evans was an agent of Defendant Sharp Transportation.

13. At the time of the Collision, upon information and belief, Defendant Evans was driving the Semi Truck within the course and scope of his employment with Defendant Sharp Transportation.

14. At the time of the Collision, upon information and belief, Defendant Evans was driving the Semi Truck within the course and scope of his agency with Defendant Sharp Transportation.

15. At the time of the Collision, upon information and belief, Defendant Evans had a commercial driver's license issued by the State of Utah.

16. At the time of the Collision, upon information and belief, the Semi Truck was a "Commercial Motor Vehicle" as defined by 49 C.F.R. § 390.5.

17. At the time of the Collision, Plaintiff was driving a 2006 Buick LaCrosse ("the Buick")..

18. Immediately prior to the Collision, Plaintiff was driving northbound on

3

Interstate 25 in the number 2 lane, just south of the W 23rd Avenue bridge.

19. Immediately prior to the Collision, Plaintiff was stopping for traffic.

20. Immediately prior to the Collision, Samson Sapp was driving a 2011 Toyota Tacoma pickup, directly behind Plaintiff.

21. Immediately prior to the Collision, Alejandro Mendoza-Martinez was driving a 2004 Chevy Silverado directly behind Samson Sapp.

22. Immediately prior to the Collision, Defendant Evans was driving the Semi Truck directly behind Alejandro Mendoza-Martinez.

23. The Collision occurred when Defendant Evans failed to stop or slow the Semi Truck, crashing into the rear of Mr. Mendoza-Martinez's Chevy Silverado, causing Mr. Mendoza-Martinez to be pushed into the rear of Mr. Sapp's Toyota Tacoma, causing Mr. Sapp to be pushed into the rear of Plaintiff's Buick.

24. Defendant Evan's failure to stop or slow the semi-truck caused a four vehicle collision.

25. The Denver PD investigated the Collision.

26. The Denver PD determined that Defendant Evans was at-fault for the Collision.

27. Plaintiff reported injuries to the investigating police officers.

28. At the time of the Collision, Defendant Evans operated a motor vehicle, more specifically the Semi Truck, in a negligent manner.

29. Defendant Evans's negligent operation of a motor vehicle caused the

4

Collision.

30. As a direct and proximate result of the Collision, Plaintiff sustained injuries, damages, and/or losses.

31. Plaintiff has incurred a medical charge of at least one dollar for any medical treatment for any injury, no matter how small, as a result of the Collision.

## FIRST CLAIM FOR RELIEF
(Negligence – Defendant Evans)

32. The foregoing statements and allegations are incorporated herein.

33. At the time of the Collision, Defendant Evans owed Plaintiff a duty to use reasonable care in the operation of a motor vehicle.

34. At the time of the Collision, Defendant Evans breached the duty of care to Plaintiff, without limitation, by:

    a. failing to keep a proper lookout;

    b. being distracted;

    c. following too closely;

    d. operating a commercial motor vehicle in a negligent manner; and

    e. causing a motor vehicle collision with Plaintiff.

35. The Collision was a cause of the injuries sustained by Plaintiff.

36. The Collision occurred as a direct and proximate result of Defendant Evans's negligence in the operation of a motor vehicle.

37. As a direct and proximate result of the Collision, Plaintiff sustained

damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
(Negligence *Per Se* – Defendant Evans)

38. The foregoing statements and allegations are incorporated herein.

39. At the time of the Collision, Defendant Evans drove a motor vehicle without due regard for traffic, traffic signals, use of the streets, traffic laws and other attendant circumstances or in violation of a state or municipal traffic code, which constituted negligence *per se*.

40. At the time of the Collision, C.R.S. § 42-4-1402 Careless Driving ("the Statute") was in effect in the State of Colorado.

41. A violation of the Statute constitutes negligence on the part of the Defendant Evans.

42. The purpose of the Statute is to protect against the type of injuries the Plaintiff suffered as a result of the Collision.

43. Plaintiff is a member of the group of persons the Statute was intended to protect.

44. Defendant Evans's violation of the Statute was a cause of Plaintiff's injuries, damages or losses.

45. As a direct and proximate result of Defendant Evans's negligence *per se*,

Plaintiff sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

### THIRD CLAIM FOR RELIEF
(*Respondeat Superior* – Defendant Sharp Transportation )

46. The foregoing statements and allegations are incorporated herein.

47. At the time of the Collision, Defendant Evans was the agent of Defendant Sharp Transportation.

48. At the time of the Collision, Defendant Evans was the employee of Defendant Sharp Transportation.

49. At the time of the Collision, Defendant Evans was acting within the scope of Defendant Evans's employment and authority with Defendant Sharp Transportation.

50. At the time of the Collision, Defendant Evans was performing acts which were in furtherance of the business interests of Defendant Sharp Transportation, in the regular course of business for Defendant Sharp Transportation, and connected to Defendant Evans's work with Defendant Sharp Transportation .

51. As a direct and proximate result of the act or omissions of Defendant Sharp Transportation 's agents or employees, Plaintiff sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to

earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

**WHEREFORE,** Plaintiff requests judgment against Defendants in an amount to be determined at trial for damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement; attorney's fees; interest on all damages at the highest rate allowed by law computed from the date of the injury; costs and expenses; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all triable issues.

**DATED:** January 28, 2022.

BACHUS & SCHANKER, LLC

*/s/ Corey A. Holton*
_____

Corey A. Holton, #47440
Julia Barotz, #52615
*Attorneys for Plaintiff*

Plaintiff's Address
21759 I Ave
Grundy Center, IA 50638